IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| SKUADRA CONSTRUCTION, LLC, § | | |
|    *Plaintiff*, § | | |
| § | | |
| V. § | | CIVIL ACTION NO. 7:25-CV-00233 |
| § | | JURY |
| ZURICH NORTH AMERICA, § | | |
|    *Defendant*. § | | |

### AMERICAN ZURICH INSURANCE COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, American Zurich Insurance Company incorrectly sued as "Zurich North America" ("Zurich" or "Defendant"), files its Notice of Removal to the United States District Court for the Southern District of Texas, McAllen Division, on the basis of diversity of citizenship, and amount in controversy, and respectfully shows the following:

#### I.   PROCEDURAL BACKGROUND

1. On March 26, 2025, Plaintiff, Skuadra Construction, LLC ("Plaintiff"), filed its Original Petition in a case styled *Skuadra Construction, LLC v. Zurich North America*; Cause No. C-1387-25-L, pending in the 464th Judicial District, Hidalgo County, Texas.

2. Zurich received a copy of the Plaintiff's Original Petition on April 18, 2025, and made an appearance in this case noting Defendant American Zurich Insurance Company was incorrectly sued as "Zurich North America."

3. Zurich files this notice of removal within 30 days of receiving notice of Plaintiff's Original Petition. *See* 28 U.S.C. § 1446(b). This Notice of Removal is being filed within one year of the commencement of this action. *see id.*

4. All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a).

1

Confidential \ Non Personal Data

5. Attached hereto are copies of the following documents:

- **Exhibit 1:**  The state court's Docket Sheet;
- **Exhibit 2:**  Citation for Zurich;
- **Exhibit 3:**  Plaintiff's Original Petition; and
- **Exhibit 4:**  Defendant's Original Answer.

## II.  BASES FOR REMOVAL

6. Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

**A.  Plaintiff and Defendant Zurich are diverse.**

7. **Plaintiff, Skuadra Construction, LLC**, the named Insured on the subject policy, is a Domestic Limited Liability Company. Defendant verified Plaintiff's corporate status and domicile with the Office of the Secretary of State for Texas. According to the Office of the Secretary of State for Texas, there is only one manager of Plaintiff's Domestic Limited Liability Company, that is Adryca Investments and Consulting and that entity is a Texas corporation.

8. **Defendant**, **American Zurich Insurance Company**, is an Illinois corporation engaged in the insurance business with a statutory home office and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196. Zurich is authorized to transact business and has transacted business in Texas. Zurich is therefore not a citizen of the State of Texas for diversity purposes.

9. This lawsuit is between citizens of different states, and there is complete diversity of citizenship between Plaintiff and Defendant Zurich.

2

Confidential \ Non Personal Data

**B. The Amount in Controversy Exceeds the Jurisdictional Requirements for Subject Matter Jurisdiction.**

10. In determining the amount in controversy, the court may consider "policy limits... penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); s*ee Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

11. Plaintiff alleges that Defendant is liable under a Builders Risk policy because Plaintiff made a claim for storm damages and Defendant allegedly wrongfully adjusted and underpaid Plaintiff's claim. Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims. *See Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir.1998). An action in state court may be removed to federal court if "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. To establish diversity jurisdiction under 28 U.S.C. § 1332, the parties must be diverse, and the amount in controversy must exceed $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332; *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). To determine whether jurisdiction is

Confidential \ Non Personal Data

present for removal, the claims in the state court petition are considered as they existed at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

12. When a defendant seeks to remove a lawsuit based on diversity jurisdiction, the federal court ordinarily determines the amount in controversy based on the specific "good faith" sum demanded by the Plaintiff in the state court petition. *See* 28 U.S.C. § 1446(c)(2); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("[U]nless the law gives a different rule, the sum claimed by the Plaintiff controls if the claim is apparently made in good faith."). But when, in contravention of state law, a plaintiff specifically alleges that damages will not exceed the federal jurisdictional amount, the pleading is not made in good faith and the deference typically afforded the Plaintiff's pleading does not apply. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir.1995) (noting that "the face of the Plaintiff's pleading will not control if made in bad faith," and criticizing manipulative tactics by Plaintiffs that reduce the amount in controversy to avoid federal jurisdiction and removal).

13. Texas Rule of Civil Procedure 47(c) requires that Plaintiff pleads in certain predefined damage ranges: e.g., "monetary relief of $250,000 or less and non-monetary relief," or "monetary relief over $250,000 but not more than $1,000,000." Contrary to Rule 47(c), Plaintiff failed to plead a certain predefined damage range. Plaintiff alleges damages as a result of violations of the Unfair Settlement Practices Statute, Prompt Payment of Claims Statute, Breach of the Duty of Good Faith and Fair Dealing, Breach of Contract, and Fraud. Plaintiff's petition seeks recovery for actual damages, three times actual damages, exemplary damages, and attorney's fees. Plaintiff also sent a statutory pre-suit notice/demand letter on October 3, 2023, demanding $397,059 (less the prior payments on the claim totaling $175,407) which further demonstrates the amount in controversy exceeds $75,000.

4

Confidential \ Non Personal Data

14. A removing defendant satisfies its burden of proof when it shows by a preponderance of the evidence that the amount in controversy actually exceeds the jurisdictional minimum at the time of removal. *De Aguilar,* 47 F.3d at 1408-11. A removing defendant can show the amount in controversy actually exceeds the jurisdictional minimum if "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000.00, or, (2) the defendant sets forth "summary judgment type evidence" of facts in controversy that support a finding of the requisite amount." *See e.g.*, *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

15. Plaintiff has seemingly attempted to frustrate this Court's federal diversity jurisdiction by failing to plead a certain predefined damage range. Plaintiff seeks attorney's fees [*See* Plaintiff's Original Petition, Paragraph IV and Prayer], actual damages fees [*See* Plaintiff's Original Petition, Paragraph IV and Prayer], exemplary and/or treble damages [*See* Plaintiff's Original Petition, Paragraph IV and Prayer] and unqualified statutory damages, statutory interest, pre-judgment and post-judgment interest, mental anguish, emotional distress, and costs of suit. [*See* Plaintiff's Original Petition Paragraph IV and Prayer.]. Given the nature of the case involving alleged damage to Plaintiff's property, Plaintiff's damage model exceeds the requisite jurisdictional threshold of $75,000 at the time of removal.

16. Furthermore, where a Plaintiff wants to prevent removal, a binding stipulation or affidavit **must be filed with the original complaint.** *De Aguilar*, 47 F.3d at 1412 (emphasis added) (citing *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992) (per curiam)). Once the case has been removed by the defendant, later filings become "irrelevant" for determining jurisdiction. *Id.*; *Carrasquillo v. State Farm Lloyds*, 17 F. Supp. 3d 584, 586 (W.D. Tex. 2013).

5

Confidential \ Non Personal Data

17. Zurich has shown by the preponderance of the evidence that Plaintiff's alleged amount in controversy exceeds the minimal jurisdictional threshold at the time of removal.

### III. THIS REMOVAL IS PROCEDURALLY CORRECT

18. Zurich received notice of this lawsuit on April 18, 2025, when Zurich was served with Plaintiff's Original Petition. Thus, Zurich is filing this Notice within the 30-day time period required by 28 U.S.C. § 1446(b).

19. Venue is proper in this District and Division under 28 U.S.C. §1446(a) because i) this District and Division include the county in which the state action has been pending, and ii) a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

20. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

21. Promptly after Zurich files this Notice of Removal, written notice of the filing will be given to Plaintiff pursuant to 28 U.S.C. §1446(d).

22. Promptly after Zurich files this Notice of Removal, a true and correct copy of same will be filed with the District Clerk of Hidalgo County pursuant to 28 U.S.C. §1446(d).

23. Based upon the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Defendant American Zurich Insurance Company hereby removes this case to this Court for trial and determination.

Confidential \ Non Personal Data

Respectfully submitted,

By:   */s/ George Arnold*
    **George Arnold**
    State Bar No. 00783559
    garnold@thompsoncoe.com
    **Susan Sparks Usery**
    State Bar No. 18880100
    susery@thompsoncoe.com
    THOMPSON, COE, COUSINS & IRONS, LLP
    4400 Post Oak Parkway, Suite 1000
    Houston, Texas 77027
    Telephone: (713) 403-8210
    Facsimile: (713) 403-8299

**Attorneys for Defendant**
**AMERICAN ZURICH INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that on the 16th day of May, 2025, a true and correct copy of the foregoing was delivered to the following counsel of record in accordance with the Federal Rules of Civil Procedure.

Larry W. Lawrence, Jr.
Michael Lawrence
Celeste Guerra
LAWRENCE LAW FIRM
3112 Windsor Road, Suite A234
Austin, Texas 78703
lawrencefirm@gmail.com
*Attorneys for Plaintiff*

   */s/ George Arnold*
   George Arnold

7

Confidential \ Non Personal Data