CAUSE NO. C-1387-25-L_____

| | | |
|---|---|---|
| SKUADRA CONSTRUCTION LLC | § § § § | IN THE DISTRICT COURT |
| *Plaintiff* | § § | |
| VS. | § § | JUDICIAL DISTRICT |
| ZURICH NORTH AMERICA *Defendant* | § § § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, PLAINTIFF, SKUADRA CONSTRUCTION LLC complaining of ZURICH NORTH AMERICA and for cause of action would show:

### I. DISCOVERY

1. This is a level III discovery case as defined by the Texas Rules of Civil Procedure.

### II. PARTIES

2. Plaintiff is a legal entity owned by residents of Hidalgo County, Texas.

3. Defendant Zurich North America is a company engaging in the business of selling insurance in the State of Texas. The defendant may be served with process by serving its registered agent for service of process as follows: Illinois Corporation Service Company, 801 Adai Stevenson Drive, Springfield, Illinois, 62703 or wherever found.

### III. JURISDICTION & VENUE

4. The subject matter in controversy is within the jurisdictional limits of this court. The court has jurisdiction over Defendant because it has continuous and systematic contact with the State of Texas, engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of their business activities in the State of Texas. Venue is proper in this county

**EXHIBIT 3**

C-1387-25-L

because the insured Property are situated in Hidalgo County, Texas. Tex. Civ. Prac. & Rem. Code § 15.032.

## IV. FACTS

5. Plaintiff is the owner of Insurance Policy number 74131601 (hereinafter referred to as "the Policy"), which was issued by Zurich North America (hereinafter "Zurich")

6. Plaintiff owned the property located at 2308 Santa Clara St., Mission, Texas 78572, hereinafter "Property" which was covered by the Policy issued by Defendant.

7. Zurich (Hereinafter referred to as "Zurich") sold the Policy insuring the Property to Plaintiff.

8. On or about April 28, 2023, Plaintiff sustained extensive physical damage to the insured Property when a strong supercell thunderstorm moved through the Mission, Hidalgo County, Texas area producing heavy rains, and damaging wind and hail.

9. Plaintiff submitted claims to the Defendant against the policy for damages to the Property as a result of the April 28, 2023 storm. Plaintiff requested that the Defendant cover the costs of these repairs pursuant to the policy they entered into with the Defendant.

10. The Plaintiff reported the damage to the covered Property to the Defendant. The Defendant wrongfully denied Plaintiff's claim for full repairs to the Property, even though the Policy they have with the Defendant provided coverage for losses such as the losses suffered by the Plaintiff. Additionally, the Defendant under-scoped damages during its inspections, investigations, and payment and made representation that the policy the Plaintiff has with Defendant specifically excluded some repairs.

11. As of the date of this filing, the Defendant continues to delay in the payment for the damages to the Property. As a result, Plaintiff has not been paid the full value of the damages

Case 7:25-cv-00233   Document 1-3   Filed on 05/16/25 in TXSD   Page 3 of 10
Electronically Filed
3/26/2025 4:16 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-1387-25-L

suffered to their home.

12. Defendant Zurich failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the policy. In spite of a demand for proceeds to be paid out in an amount sufficient to cover the damaged Property, Defendant Zurich has categorically refused to pay the full proceeds available under the policy. Additionally, all conditions precedent to recovery upon the Policy have been carried out by the Plaintiff. Defendant Zurich's conduct constitutes a breach of the insurance contract between Plaintiffs and Defendant.

14. Defendant Zurich has misrepresented to Plaintiff there was no damage to areas of the home that were damaged, and that all damage covered under the Policy has been accounted for, even though it has not been paid in full. Defendant Zurich's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(1).

15. Defendant Zurich failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Defendant Zurich's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(2)(A).

16. Defendant Zurich failed to adequately explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant Zurich failed to offer Plaintiff adequate compensation, and misrepresented its explanation for why full payment was not being made. Furthermore, Defendant Zurich did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendant Zurich's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(3).

17. Defendant Zurich refused to fully compensate Plaintiff, under the terms of the Policy,

even though Defendant Zurich failed to conduct a reasonable investigation. Specifically, Defendant Zurich performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Defendant Zurich's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(7).

18. Defendant Zurich failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant Zurich's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex Ins. Code §542.056.

19. Defendant Zurich failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for their claim. Defendant Zurich's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.058.

20. Since the date Plaintiff presented her claim to Defendant Zurich, the liability of Defendant Zurich to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant Zurich has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant Zurich's conduct constitutes a breach of the common law duty of good faith and fair dealing.

21. Defendant Zurich knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or some material information from Plaintiff.

Case 7:25-cv-00233   Document 1-3   Filed on 05/16/25 in TXSD   Page 5 of 10
Electronically Filed
3/26/2025 4:16 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-1387-25-L

22. As a result of Defendant Zurich's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

## V. CAUSES OF ACTION

23. Defendant Zurich is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

### Breach of Contract

24. Defendant Zurich's conduct constitutes a breach of the insurance contract made between Defendant Zurich and Plaintiff.

25. Defendant Zurich's failure and/or refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant Zurich's insurance contract with Plaintiff.

### Noncompliance with Texas Insurance Code: Unfair Settlement Practices

26. Defendant Zurich's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a). All violations under this article are made actionable by Tex. Ins. Code §5411.151.

27. Defendant Farmer's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(1).

28. Defendant Zurich's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though

Defendant Zurich's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(2)(A).

29. Defendant Zurich's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(3).

### Noncompliance with Texas Insurance Code: The Prompt Payment of Claims

30. Defendant Zurich's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by Tex. Ins. Code §542.060.

31. Defendant Zurich's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.058.

### Breach of the Duty of Good Faith and Fair Dealing

32. Defendant Zurich's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured in insurance contracts.

33. Defendant Zurich's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant Zurich knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

Case 7:25-cv-00233   Document 1-3   Filed on 05/16/25 in TXSD   Page 7 of 10

Electronically Filed
3/26/2025 4:16 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-1387-25-L

### Fraud

34. Defendant Zurich is liable to Plaintiff for common law fraud.

35. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as they did, and which Defendant Zurich knew were false or made recklessly without any knowledge of their truth as a positive assertion.

36. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

### Knowledge

37. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

### VI. DAMAGES

38. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

39. As previously mentioned, the damages caused by this storm have not been properly addressed or repaired in the months and now years since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendant Zurich's mishandling of Plaintiff's claim in violation of the laws set forth above.

40. For breach of contract, Plaintiff is entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

41. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices,

Electronically Filed
3/26/2025 4:16 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-1387-25-L

Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times their actual damages. Tex. Ins. Code §541.152.

42. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. Tex. Ins. Code §542.060.

43. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

44. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

45. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

46. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include their past and future medical expenses, that should have been paid pursuant to the policy, mental anguish, pain and suffering, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times

Electronically Filed
3/26/2025 4:16 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-1387-25-L

their actual damages. Tex. Ins. Code §541.152.

47. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. Tex. Ins. Code §542.060.

48. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

49. As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

50. Plaintiff demands a trial by jury and tenders the fee herewith.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recovers such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they will show themselves justly entitled.

Respectfully submitted,

LAWRENCE LAW FIRM
3112 Windsor Rd., Suite A234

Electronically Filed
3/26/2025 4:16 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-1387-25-L

Austin, Texas 78703
(956) 994-0057
(800) 507-4152 FAX

By: /s/ *Celeste Guerra*

LARRY W. LAWRENCE, JR.
State Bar No. 00794145

MICHAEL LAWRENCE
State Bar. No. 24055826
Lawrencefirm@gmail.com

CELESTE GUERRA
State Bar No. 00795395

ATTORNEYS FOR PLAINTIFFS